OPINION OF THE COURT
Hancock, Jr., J.
Town Law § 276 establishes a two-stage (preliminary and final) subdivision plat approval procedure. Town Law § 282 states that "[a]ny person * * * aggrieved by any decision of the planning board concerning such plat * * * may have the decision [judicially] reviewed * * * provided the proceeding is commenced within thirty days after the filing of the decision”. The question in petitioners’ appeal is whether the time for commencing a proceeding under section 282 begins to run upon the filing of the preliminary plat approval or the final approval decision when the challenge to the plat is solely on environmental grounds and the environmental review procedure is completed prior to the filing of the decision approving the preliminary plat. For reasons to be stated, we hold that under such circumstances, petitioners were required to commence their challenge within 30 days of the filing of the preliminary, not the final, plat approval decision. Accordingly, we affirm the order of the Appellate Division, which affirmed Supreme Court’s dismissal of the petition as untimely.
*611 I
Petitioners challenge the approval of a 202.9-acre subdivision project, known as Anton Meadows, Inc. (Meadows), located in the Town of Brookhaven, New York. In November 1986, intervenor-respondent Meadows filed an application with respondent Planning Board of the Town of Brookhaven (the Board) for preliminary approval of the residential subdivision. In January 1987, the Board, in its capacity as lead agency for the project under the New York State Environmental Quality Review Act (SEQRA) (ECL art 8), issued a positive declaration requiring the preparation of an environmental impact statement (EIS). Meadows filed the EIS and it was accepted by the Board. On May 15, 1989, the Board adopted a SEQRA statement of findings for Meadows certifying that SEQRA’s requirements had been met — the final step of SEQRA review (see, ECL 8-0109 [8]; 6 NYCRR 617.2 [r]; 617.9). The Board granted Meadows conditional preliminary approval on June 5, 1989 and filed its approval decision on June 7. Upon receiving preliminary approval, Meadows prepared a final plat, obligated itself to a $24,200,000 construction loan and entered into contracts of sale for homes in the new subdivision. The Board granted conditional final approval of the project on January 8, 1990, and filed its decision on January 10.
On February 7, 1990, petitioners commenced this CPLR article 78 proceeding — more than 30 days after the Board’s preliminary approval but within 30 days of the final approval —challenging the Board’s approval of several development projects including the Meadows. The petition challenged the approval of the Meadows project solely on the ground that it failed to comply with SEQRA. Supreme Court granted Meadows’ motion to dismiss the petition as untimely. The Appellate Division affirmed, holding that when the Board granted preliminary approval it had completed its environmental review of the project; therefore, any proceeding challenging the environmental review should have been commenced within 30 days of the Board’s filing of its decision giving preliminary approval. This Court granted petitioners leave to appeal.
II
The parties agree that the 30-day Statute of Limitations under Town Law § 282 applies. Petitioners argue that only upon final, not preliminary, plat approval is a planning board’s decision-making process on a proposed subdivision *612 project completed. They emphasize that after granting preliminary approval, a planning board may still disapprove a final plat or conditionally approve it with modifications (Town Law § 276 [4]) and that Brookhaven Town Code § 85-399 (2) provides that "[ajpproval of the preliminary layout does not constitute an approval of the final plat”. Thus, petitioners contend that a proceeding which challenges a decision of a planning board granting conditional final subdivision approval on SEQRA grounds is timely under Town Law § 282 if the proceeding is commenced within 30 days of the filing of that decision. As will be shown, petitioners’ contentions are contrary to the applicable statutory language and, if adopted, would frustrate the purposes of the two-step subdivision approval process and SEQRA (see, ECL 8-0109 [4]).
In deciding whether the Board’s preliminary plat approval, which completed the SEQRA review process, triggered the 30-day Statute of Limitations, we must analyze the pertinent provisions in section 282 in their context with other provisions of Town Law article 16, particularly section 276, establishing the plat approval statutory scheme (see, Ferres v City of New Rochelle, 68 NY2d 446, 451). Approval of a subdivision project under section 276 involves a two-stage procedure in which a planning board must initially approve a preliminary (subd [3]) and then a final (subd [4]) subdivision plat. The preliminary plat approval finally determines important design features of a subdivision and is intended to fix the broad outlines of the proposed development so that both the developer and the town can know the state of the subdivision approval process before additional expenses are incurred incidental to the preparation and approval of detailed final plans (see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 368, 372, affd 62 NY2d 965).
Approval of the preliminary plat does not guarantee approval of the final version (Town Law § 276 [4]). But, "a planning board may not modify a preliminary plat and then disapprove of the layout of a final plat that conforms to the modifications prescribed by the board” and "absent new information, a subsequent modification or rejection of a preliminarily approved subdivision layout is an arbitrary and capricious act subject to invalidation” (Matter of Sun Beach, 98 AD2d, at 373, supra; see, 5 Ziegler, Rathkopf's The Law of Zoning and Planning § 66.02 [2] [4th ed]; 4 Anderson, American Law of Zoning § 25.13 [3d ed]). The provisions for judicial review of the subdivision approval process in Town Law § 282 state that *613 ”[a]ny person * * * aggrieved by any decision of the planning board concerning such plat * * * may have the decision reviewed” in an article 78 proceeding "provided the proceeding is commenced within thirty days after the filing of the decision in the office of the board” (emphasis added). Section 282 further provides that commencement of the article 78 proceeding "shall stay proceedings upon the decision appealed from” and "shall have preference over all other civil actions and proceedings.”
The question here is: when the sole challenge to the subdivision is based on noncompliance with SEQRA, did the Legislature intend to have section 282 cut off judicial review after 30 days from the filing of the Board’s preliminary approval which both completed SEQRA review and established the general design features of the subdivision? In construing section 282, we examine the language of the 30-day limitation and its purpose as a part of the over-all subdivision approval process (see, Ferres v City of New Rochelle, 68 NY2d 446, 451, supra). Section 282 refers to judicial review of "any decision of the planning board concerning such plat” (emphasis added). Nothing in the section limits judicial review to final plat approvals. Because section 276 requires both preliminary and final subdivision plat approval by the Board, we conclude that the Legislature intended to provide for judicial review of a Board’s decision at the preliminary approval stage where the preliminary approval is final as to a particular issue and, thus, ripe for judicial review by an aggrieved party (see, 5 Ziegler, Rathkopf's The Law of Zoning and Planning § 66.06 [4th ed]; Matter of Walton v Town of Brookhaven, 41 Misc 2d 798, 800 [Sup Ct, Suffolk County]). Such a construction imports to the language of section 282 — that "any decision of the planning board” (emphasis added) may be reviewed — its natural meaning and gives effect to both the preliminary and final plat approval decisions as significant steps in the plat approval process.
Petitioners properly point out that under the approval process in Town Law §§ 276 and 282, the Board’s review of certain aspects of the subdivision would not have been complete until it had issued its final approval. However, the final approval here in no way involved SEQRA review. The only Board decision involving SEQRA was the one giving preliminary plat approval, a decision which, with respect to SEQRA, was in all respects final and aggrieved petitioners who opposed the subdivision on SEQRA grounds. Thus, we conclude that *614 the Board’s filing of the preliminary plat approval was a decision which triggered the 30-day Statute of Limitations of section 282 for challenging the subdivision proposal on SEQRA grounds (see, Matter of Casement v Town of Poughkeepsie Planning Bd., 162 AD2d 685, 687, lv dismissed 76 NY2d 930; Matter of Monteiro v Town of Colonie, 158 AD2d 246, 249-250; Matter of Wing v Coyne, 129 AD2d 213, 217; see also, Matter of King v Chmielewski, 76 NY2d 182, 186). That the Legislature intended that there should be judicial review proceedings under section 282 at intermediate stages in the approval process is evidenced by the legislative concern that such approval decisions receive expeditious review — i.e., its provision that such proceedings be given "preference over all other civil actions and proceedings” (Town Law § 282).
Our construction furthers the evident legislative purpose of establishing a process for orderly and prompt determination of subdivision proposals. Town Law § 276 (2) (a) provides that a preliminary plat must show the layout of the proposed subdivision, including at least the road and lot layout with approximate dimensions, key plan, topography, drainage and all proposed facilities with detailed preliminary plans and profiles. The preliminary plat approval is intended to fix the basic components of the proposed development and, "absent new information, a subsequent modification or rejection of a preliminarily approved subdivision layout is an arbitrary and capricious act subject to invalidation” (Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 372-373, affd 62 NY2d 965, supra; see, 5 Ziegler, Rathkopf's The Law of Zoning and Planning § 66.02 [2] [4th ed]; 4 Anderson, American Law of Zoning § 25.13 [3d ed]). Here, the Board took the significant step of accepting the preliminary plat without placing any conditions upon approval of the environmental aspects of the project. Thus, the preliminary approval was final regarding SEQRA issues. To allow a SEQRA challenge to be postponed until final plat approval would leave the environmental status of the entire subdivision project undetermined. This would frustrate the statutory purpose of having an approval at the preliminary stage so that important design questions are finally settled and both the developer and the town are able to rely on there being final approval of significant aspects of the subdivision before the investment of additional time and money (see, Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 368, 372, supra).
Moreover, a contrary interpretation — i.e., making the entire *615 project subject to being vacated on SEQRA grounds after the Board’s final plat approval — could have a devastating financial impact when the developer has made a substantial investment and may already be under commitments for financing and other contractual obligations. The construction of section 282 we adopt avoids such unreasonable and potentially unjust consequences (see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals, 77 NY2d 114, 124-125; McKinney’s Cons Laws of NY, Book 1, Statutes §§ 141, 143, 146).
Our construction of section 282 as providing for review of SEQRA compliance within 30 days of the preliminary approval also promotes the policy considerations underlying SEQRA. ECL 8-0109 (4) provides that whether an EIS for a proposed action is required must be determined "[a]s early as possible” in the planning process. That section further states that the purpose of an EIS "is to relate environmental considerations to the inception of the planning process, [and] to inform the public and other public agencies as early as possible about proposed actions that may significantly affect the quality of the environment” (ECL 8-0109 [4] [emphasis added]; see also, Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 203). Consistent with these SEQRA policies, we have concluded that the environmental questions pertaining to the Meadows should have been reviewed as early as possible in the planning process — in this case, the preliminary plat approval stage — when it was still practical to modify the project, if necessary, to mitigate adverse environmental effects (see, ECL 8-0109 [4]; Matter of Save the Pine Bush v City of Albany, 70 NY2d 193, 203, supra; Matter of Sun Beach Real Estate Dev. Corp. v Anderson, 98 AD2d 367, 372, affd 62 NY2d 965, supra; Matter of Hickey v Planning Bd., 173 AD2d 1086, 1088).
In sum, when SEQRA review has been completed at the preliminary approval stage, Town Law § 282 and the statutory purposes of the subdivision approval process and SEQRA require that a challenge to the subdivision based on SEQRA grounds not be postponed until after final subdivision approval.
Accordingly, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed, with costs.