■ In the Matter of THROGGS NECK RESIDENT COUNCIL, INC., et al., Appellants, et al., Petitioners, v JOHN CAHILL et al., Respondents. [736 NYS2d 358] —Judgment, Supreme Court, New York County (Michael Stallman, J.), entered May 22, 2001, insofar as appealed from as limited by the briefs, dismissing, as time barred, so much of petitioners' application as sought to annul the negative declaration concerning the subject project made by respondent Department of Parks and Recreation (DPR), unanimously affirmed, without costs.

DPR's final environmental assessment containing the challenged negative declaration that the proposed project at Ferry Point in the Bronx would have no adverse environmental impact was issued on September 30, 1999. As required by New York City's Uniform Land Use Review Procedure ([ULURP] NY City Charter §§ 197-c, 197-d), the project was reviewed by the City Planning Commission (CPC), which, on December 22, 1999, following public hearings, voted to approve the project based in part on the negative declaration. All sides agree that CPC's approval became final on January 11, 2000, upon expiration of a 20-day period for "call-up" to the City Council. A concession agreement was executed on May 30, 2000, but was not registered by the Comptroller, as required for implementation by New York City Charter § 93 (p) and 12 RCNY 1-14 (b), until June 2001. The instant proceeding, which was commenced on November 15, 2000, was correctly dismissed on the ground that the four-month statute of limitations (CPLR 217 [1]) began to run when CPC's ULURP approval became final on January 11, 2000, and not, as petitioners argue, in June 2001, when the Comptroller registered the concession agreement. The Comptroller's approval required for registration and implementation of the concession agreement, unlike CPC's approval of the DPR's environmental assessment, in no way involved environmental review, and thus had no impact on the environmental decisions that aggrieve petitioners (*see, Matter of Long Is. Pine Barrens Socy. v Planning Bd.*, 78 NY2d 608, 613-614; *Matter of McNeill v Town Bd.*, 260 AD2d 829, 830, *lv denied* 93 NY2d 812). It was CPC's approval of the project that represented the final determination of environmental issues and permitted DPR to commit itself to " 'a definite course of future [environ-

mental] decisions'" (*Matter of Young v Board of Trustees*, 89 NY2d 846, 848-849; *see, Matter of Sierra Club v Power Auth.*, 203 AD2d 15, 16-17). Concur—Ellerin, J.P., Lerner, Rubin, Buckley and Friedman, JJ.