[803 NE2d 361, 771 NYS2d 40]

STOP-THE-BARGE, by Its President KATHLEEN GILRAIN, et al., Appellants, v JOHN P. CAHILL, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents.

Argued October 15, 2003; decided December 2, 2003

## POINTS OF COUNSEL

*Young, Sommer, Ward, Ritzenberg, Baker & Moore, LLC,* Albany (*Douglas H. Ward* and *Jeffrey S. Baker* of counsel), for appellants. Appellants' State Environmental Quality Review Act claims are timely because they were brought within the time to challenge the first final substantive approval of the project—issuance of the Department of Environmental Conservation air permit. (*Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920, 93 NY2d 815; *Matter of PVS Chems. v New York State Dept. of Envtl. Conservation,* 256 AD2d 1241; *Matter of Young v Board of Trustees of Vil. of Blasdell,* 221 AD2d 975, 89 NY2d 846; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, 59 NY2d 999; *Matter of Save the Pine Bush v Planning Bd. of City of Albany,* 83 AD2d 741; *Ecology Action v Van Cort,* 99 Misc 2d 664; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 78 NY2d 608; *Matter of Essex County v Zagata,* 91 NY2d 447; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 479 US 985; *Matter of Haggerty v Planning Bd. of Town of Sand Lake,* 166 AD2d 791, 79 NY2d 784.)

*Eliot Spitzer, Attorney General,* Albany (*Joseph Koczaja, Caitlin J. Halligan, Daniel Smirlock, Peter H. Schiff* and *Lisa M. Burianek* of counsel), for John P. Cahill and another, respondents. The negative declaration did not start the running of any statute of limitations. (*Matter of Essex County v Zagata,* 91 NY2d 447; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 479 US 985; *Matter of Zagata v Freshwater Wetland Appeals Bd.,* 244 AD2d 343, 91 NY2d 813, 95 NY2d 792; *Matter of Ogden Citizens for Responsible Land Use v Planning Bd. of Town of Ogden,* 224 AD2d 921; *Matter of Group for S. Fork v Wines,* 190 AD2d 794; *Matter of Haggerty v Planning Bd. of Town of Sand Lake,* 166 AD2d 791, 79 NY2d 784; *Matter of City*

*of Schenectady v Flacke,* 100 AD2d 349, 63 NY2d 603; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, 59 NY2d 999; *Matter of Gordon v Rush,* 100 NY2d 236; *Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920, 93 NY2d 815.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Grace Goodman* and *Larry A. Sonnenshein* of counsel), for New York City Department of Environmental Protection, respondent. Appellants' challenge to the State Environmental Quality Review Act (SEQRA) review conducted by the Department of Environmental Protection (DEP) as lead agency was untimely, since it was not brought within four months after DEP issued the negative declaration which was the final step in its SEQRA review process. (*Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193; *Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846; *Matter of Monteiro v Town of Colonie,* 158 AD2d 246; *Matter of Village of Wesbury v Department of Transp. of State of N.Y.,* 75 NY2d 62; *Matter of Cathedral Church of St. John Divine v Dormitory Auth. of State of N.Y.,* 224 AD2d 95, 89 NY2d 802; *Matter of Wertheim v Albertson Water Dist.,* 207 AD2d 896; *Matter of Mule v Hawthorne Cedar Knolls Union Free School Dist.,* 290 AD2d 698; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 78 NY2d 608; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510, 479 US 985; *Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920, 93 NY2d 815.)

*Cohen, Dax & Koenig, P.C.,* Albany (*John W. Dax* and *Susan L. Taylor* of counsel), for NYC Energy LLC, respondent. I. Stop-The-Barge's CPLR article 78 petition was untimely pursuant to CPLR 217. (*Matter of Essex County v Zagata,* 91 NY2d 447; *Church of St. Paul & St. Andrew v Barwick,* 67 NY2d 510; *Matter of Monteiro v Town of Colonie,* 158 AD2d 246; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven,* 78 NY2d 608; *Matter of Gordon v Rush,* 100 NY2d 236; *Matter of Sour Mtn. Realty v New York State Dept. of Envtl. Conservation,* 260 AD2d 920, 93 NY2d 815; *Matter of Young v Board of Trustees of Vil. of Blasdell,* 221 AD2d 975, 89 NY2d 846; *Matter of Town of Yorktown v New York State Dept. of Mental Hygiene,* 92 AD2d 897, 59 NY2d 999; *Matter of McNeill v Town Bd. of Town of Ithaca,* 260 AD2d 829, 93 NY2d 812; *Matter of City of Saratoga Springs v Zoning Bd. of Appeals of Town of Wilton,* 279 AD2d 756.) II. Appellant's claims were

untimely pursuant to the special statute of limitations applicable to air permit challenges. (*People v Mobil Oil Corp.*, 48 NY2d 192; *Matter of Brown v Wing,* 93 NY2d 517; *People v Jeanty,* 94 NY2d 507; *People v Lawrence,* 64 NY2d 200; *Ling Ling Yung v County of Nassau,* 77 NY2d 568; *Matter of MacDonald v Reid,* 85 Misc 2d 291.)

## OPINION OF THE COURT

G.B. SMITH, J.

In this CPLR article 78 proceeding where petitioners seek to set aside action taken by the New York State Department of Environmental Conservation (DEC) and the New York City Department of Environmental Protection (DEP), we must determine which agency action triggers the statute of limitations. Like the Appellate Division, we conclude that on these facts the statute of limitations began to run when the conditioned negative declaration (CND) issued by DEP became final.

In the fall of 1996, the predecessor of respondent New York City Energy (NYCE) submitted an environmental assessment statement to DEP in order to obtain permits to install a power generator on a floating barge in Brooklyn, New York. The barge was to be anchored on the west side of the Wallabout Channel at the Brooklyn Navy Yard. Upon receipt of the statement, DEP became the lead agency for purposes of conducting a coordinated environmental review of the project pursuant to the State Environmental Quality Review Act (SEQRA). In August 1997, DEP issued the first of three CND's, concluding that the project posed no significant adverse impact to the environment and therefore required no environmental impact statement. Following subsequent project modifications, DEP issued two revised CND's, the last on January 10, 2000. On January 19, 2000, the declaration was published for a 30-day public comment period as required by 6 NYCRR 617.7 (d) (1) (iv). During that period, petitioners offered no comments regarding the CND. The declaration became final on February 18, 2000, thereby concluding SEQRA review of the proposed project.

Simultaneously, when NYCE further modified the proposal in 1999, NYCE applied to the DEC for an air permit pursuant to Environmental Conservation Law article 19. DEC determined that the impacts of air emissions from the proposed facility would not contravene the standards imposed by the Environmental Protection Agency and on August 9, 2000, tentatively approved an air permit for the facility. Following this tentative

determination, DEC issued a public notice stating that it would accept public comment for a 30-day period, to end on September 8, 2000. Given public opposition to the proposal, DEC held a legislative hearing on December 12, 2000. Petitioners and others submitted extensive written objections to the proposal on grounds of inadequate SEQRA review. DEC determined that an adjudicatory hearing was unnecessary and, on December 18, 2000, issued an air permit for NYCE's facility.

On February 20, 2001—one year after the CND became final, and two months after the air permit was issued—petitioners commenced this CPLR article 78 proceeding contending that the DEP's issuance of the CND and DEC's issuance of the air permit were arbitrary and capricious in violation of SEQRA, ECL 3-0301, and ECL article 19. Respondents moved to dismiss the petition as time-barred.

DEC claimed the challenge to the air permit—issued on December 18, 2000—was time-barred under ECL 19-0511 (2) (b) because the agency was not served within two months after the air permit was issued. DEP argued that the challenge to the CND—issued on January 10, 2000—was time-barred under CPLR 217 (1) because the action was not brought within four months after the CND was issued. NYCE answered and sought dismissal under both statutes of limitations.

Supreme Court dismissed the action as time-barred, concluding that ECL 19-0511 (2) (b) barred petitioners' challenges because they failed to serve respondents within two months of the issuance of the air permit—the final agency action. The court held that the project could not have had any effect on the environment until the air permit was issued, and therefore petitioners did not sustain an actual injury until the issuance of the air permit. The Appellate Division modified, applying the four-month statute of limitations in CPLR 217 (1), not the two-month statute of limitations in ECL 19-0511 (2) (b). In the Appellate Division's view, the action against DEC challenging the air permit was timely because petitioners commenced the proceeding on February 20, 2001—within four months of DEC's determination on December 18, 2000. The Appellate Division, however, upheld dismissal of the suit against DEP challenging the issuance of the CND, holding that the issuance of the CND was a final agency action triggering the statute of limitations.

On this appeal, petitioners as well as respondent DEC argue that the four-month period of limitations commenced on

December 18, 2000, when DEC issued the air permit. Petitioners and DEC claim that the CND was merely a preliminary step in the decisionmaking process and that no sufficient predicate for judicial review existed until a permit or approval was issued for the project. DEP and NYCE argue that the period of limitations began to run when the CND was issued, or at the latest, when the 30-day comment period after issuance of the declaration was complete.

We agree with DEP, NYCE and the Appellate Division that under the circumstances presented here, the CND was a final agency action for purposes of judicial review of petitioners' SEQRA claim.

In *Matter of Essex County v Zagata*, we concluded that an agency action is final when the decisionmaker arrives at a "definitive position on the issue that inflicts an actual, concrete injury" (91 NY2d 447, 453 [1998]). We stated:

> "[A] determination will not be deemed final because it stands as the agency's last word on a discrete legal issue that arises during an administrative proceeding. There must additionally be a finding that the injury purportedly inflicted by the agency may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party. If further agency proceedings might render the disputed issue moot or academic, then the agency position cannot be considered definitive or the injury actual or concrete" (*id.* at 453-454 [internal quotation marks and citations omitted]; *see also Matter of Gordon v Rush*, 100 NY2d 236, 242-243 [2003]).

Here, the agency reached a definitive position on February 18, 2000, when the public comment period ended, because, at that point, its SEQRA review ended. DEP conducted no further SEQRA investigation, and issued no further SEQRA declaration on the project. Petitioners had an opportunity to comment but failed to alert DEP to the concerns they subsequently raised with regard to the SEQRA review. Thus, to the extent that petitioners challenge the conclusions reached by DEP from its SEQRA review, the period of limitations must be measured at the latest from the time that the CND became final, on February 18, 2000. Additionally, the issuance of the CND resulted in actual concrete injury to petitioners because the declaration essentially gave the developer the ability to proceed with the proj-

ect without the need to prepare an environmental impact statement.

Moreover, to allow petitioners to postpone their challenge to the CND until the issuance of the air permit would be particularly unreasonable here, since the declaration had been final for 10 months before the permit was issued. Given these circumstances, commencing the period of limitations from the finality of the CND is consistent with the policy of resolving environmental issues and determining whether an environmental impact statement will be required at the early stages of project planning (*see e.g. Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608 [1991]).

Accordingly, the order of the Appellate Division, insofar as appealed from, should be affirmed, with costs.

Chief Judge KAYE and Judges CIPARICK, Rosenblatt, GRAFFEO and READ concur.

Order, insofar as appealed from, affirmed, with costs.