■ In the Matter of Annie P. Jones et al., Appellants, v Philip A. Amicone et al., Respondents. [812 NYS2d 111]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the respondent City Council of the City of Yonkers dated June 27, 2003, which adopted a final environmental impact statement pursuant to the State Environmental Quality Review Act, and a special ordinance enacted October 16, 2003, authorizing and directing the respondent City of Yonkers to acquire certain properties, and an action for a judgment declaring that the respondent City of Yonkers is prohibited from transferring certain parkland for nonpark purposes without approval of the New York State Legislature, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Westchester County (Bellantoni, J.), entered June 16, 2004, which granted that branch of the motion of the respondents Philip A. Amicone, City of Yonkers, City Council of the City of Yonkers, Yonkers Community Development Agency, John P. Meyer, and John Liszewski, and that branch of the separate motion of the respondents City of Yonkers Industrial Development Agency and Yonkers Baseball Development Inc., also known as Yonkers Baseball, Inc., which were pursuant to CPLR 3211 (a) (5) to dismiss the hybrid proceeding and action as time-barred, and dismissed the hybrid proceeding and action.

Ordered that the order and judgment is reversed, on the law, without costs or disbursements, those branches of the motions which were pursuant to CPLR 3211 (a) (5) to dismiss the second cause of action as time-barred are denied, the second cause of action is reinstated, and those branches of the motions which were pursuant to CPLR 3211 (a) (5) to dismiss the first cause of action as time-barred are granted.

In April 2002 the City of Yonkers proposed to develop a minor league baseball park and an upscale retail district on approximately nine acres of land located in downtown Yonkers. The proposed project, inter alia, required the City to condemn approximately 100,000 square feet of property surrounding city-owned property in a section known as Chicken Island and to transfer the condemned and city-owned property to the City of Yonkers Industrial Development Agency.

In August 2002 pursuant to the provisions of the New York State Environmental Quality Review Act (hereinafter SEQRA) (*see* Environmental Conservation Law art 8) and the regulations promulgated thereunder, an environmental assessment form (*see* 6 NYCRR 617.2 [m]) was submitted to the City Council of the City of Yonkers (hereinafter the City Council), as lead agency (*see* 6 NYCRR 617.2 [u]). On September 10, 2002 the City Council issued a positive declaration acknowledging that the project had the potential for significant adverse environmental impact (*see* 6 NYCRR 617.2 [ac]). The positive declaration triggered the requirement that the City Council prepare a draft environmental impact statement (*see* 6 NYCRR 617.2 [n]; 617.7 [a] [1]; 617.9 [a] [1]). On November 19, 2002 the draft environmental impact statement was accepted as complete by the City Council and on November 20, 2002 a notice of completion was issued and filed (*see* 6 NYCRR 617.9 [a] [3]). On June 2, 2003 the City Council adopted the final environmental impact statement, and issued and filed a notice of completion (*see* 6 NYCRR 617.9 [a] [6]). Public hearings were held at each step of the process and the City Council allowed for further public comment in writing. On June 27, 2003 the City Council adopted and issued its findings statement (*see* 6 NYCRR 617.2 [p]), which completed the SEQRA review process (*see* ECL 8-0109 [8]; 6 NYCRR 617.11 [d]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 611 [1991]; *Matter of Wing v Coyne*, 129 AD2d 213, 217 [1987]). Thereafter, in furtherance of the project, on October 16, 2003 the City Council enacted a special ordinance which authorized and directed the City to acquire by gift, by purchase at a price to be approved by the City Council, or by condemnation, certain properties located on the proposed site.

On or about January 28, 2004 about seven months after the adoption of the SEQRA findings by the City Council, and approximately three months after the enactment of the special ordinance, the petitioners, who are local property owners, an area merchant, area residents, and an organization of area merchants, commenced the instant hybrid proceeding alleging

in the first cause of action that the City Council's SEQRA review was flawed and its findings statement irrational, and in the second cause of action that the City did not have the authority to transfer certain city-owned parkland in Chicken Island because that land was impressed with a public trust precluding alienation absent approval by the New York State Legislature (hereinafter the State Legislature). The petitioners sought to review the City Council's findings statement and the special ordinance, and a judgment declaring that the City be prohibited from transferring the purported parkland in Chicken Island for nonpark purposes without the approval of the State Legislature. The City Council, among others, moved and other respondents separately moved to dismiss the hybrid proceeding and action pursuant to CPLR 3211 (a) (3), (5), and (7), and 7804 (g) claiming, inter alia, that since the hybrid proceeding and action was commenced more than four months after the adoption of the SEQRA findings, it was time-barred. The Supreme Court granted those branches of the separate motions which were to dismiss the hybrid proceeding and action pursuant to CPLR 3211 (a) (5) as time-barred, and dismissed the hybrid proceeding and action.

On appeal, the petitioners contend, inter alia, that the enactment of the special ordinance, rather than the adoption of the statement of findings, was the final determination for statute of limitations purposes, and that the second cause of action for declaratory relief under the public trust doctrine was not subject to the four-month statute of limitations (see CPLR 217 [1]). We agree only with the latter argument.

An agency action is final when the "decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998] [internal quotation marks omitted]; see *Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]). The agency's determination is not definitive and the injury is not an actual, concrete injury if the injury purportedly inflicted by the agency could be prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party (*id.*). Where an agency's determination commits the agency to a definite course of future conduct, "such determination constitutes an 'action' within the meaning of SEQRA and, concomitantly, a 'final determination' for Statute of Limitations purposes" (*Matter of Wing v Coyne, supra* at 217, quoting *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 203 [1987]; see 6 NYCRR 617.2 [b] [2]; *Matter of Gordon v Rush*, 100 NY2d 236 [2003]).

Here, the City Council's adoption of the SEQRA statement of findings completed the SEQRA review process (*see* ECL 8-0109 [8]; 6 NYCRR 617.11 [d]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, supra; Matter of Wing v Coyne, supra*) and established the City Council's definitive position on the issue that inflicted an actual concrete injury on the petitioners (*see Stop-The-Barge v Cahill, supra; see also Matter of Long Is. Contractors' Assn. v Town of Riverhead*, 17 AD3d 590 [2005]). The findings statement identified, authorized, and committed the City Council to future action necessary for the project, including the acquisition by condemnation of certain property on the proposed site and the transfer of the city-owned land. Contrary to the petitioners' contention, the proposed condemnation proceedings have no impact on the SEQRA process (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, supra* at 613; *Matter of Throggs Neck Resident Council v Cahill*, 290 AD2d 324 [2002]). Indeed, the findings stated that condemnation would take place upon completion of the SEQRA review. Therefore, the adoption of the SEQRA findings statement was a final determination with respect to the petitioners' first cause of action, and the Supreme Court properly dismissed that claim as time-barred since it was interposed more than four months after the adoption of the findings (*see* CPLR 217 [1]; *Stop-The-Barge v Cahill, supra* at 222-223).

However, contrary to the respondents' contention and the Supreme Court's determination, a declaratory judgment action rather than a proceeding pursuant to CPLR article 78 is the proper vehicle for resolving the petitioners' second cause of action, founded upon the public trust doctrine. The CPLR does not specifically prescribe a limitations period for declaratory judgment actions (*see Solnick v Whalen*, 49 NY2d 224, 229 [1980]). To determine the limitations period applicable to a particular declaratory judgment action, the court must "examine the substance of that action to identify the relationship out of which the claim arises and the relief sought" (*Solnick v Whalen, supra* at 229; *see Matter of Save the Pine Bush v City of Albany, supra* at 202). "If the . . . underlying dispute can be or could have been resolved through a form of action or proceeding for which a specific limitation period is statutorily provided, that limitation period governs the declaratory judgment action" (*Matter of Save the Pine Bush v City of Albany, supra* at 202; *see Solnick v Whalen, supra* at 229-230). Only if there is no other form of proceeding for which a specific limitations period is statutorily provided does the six-year catch-all limitations period under CPLR 213 (1) govern (*see New York City Health &*

*Hosps. Corp. v McBarnette*, 84 NY2d 194, 201 [1994]; *Solnick v Whalen, supra* at 230).

Dedicated park areas in New York State are impressed with a public trust, and their use for other than park purposes requires direct and specific approval by the State Legislature (*see Johnson v Town of Brookhaven*, 230 AD2d 774 [1996]). The petitioners' second cause of action seeks to prevent the City from acting outside the scope of its authority in violation of the public trust doctrine. The determination of the City's authority to transfer parkland for nonpark purposes is not dependent upon the adequacy of the SEQRA process and, as such, is not open to resolution in the first cause of action. As such, the second cause of action is separate and distinct from the first cause of action challenging the SEQRA determination and the six-year catch-all limitations period of CPLR 213 (1) is applicable (*see Solnick v Whalen, supra; Martin Goldman, LLC v Yonkers Indus. Dev. Agency*, 12 AD3d 646, 647-648 [2004]; *Matter of Dreves v New York Power Auth.*, 131 AD2d 182, 187 [1987]). Accordingly, the Supreme Court erred in dismissing the second cause of action which, under the circumstances of this case, was timely interposed.

We note that to the extent that the respondents raise issues with respect to the other branches of their motions which were pursuant to CPLR 3211 (a) (3) and (7), and 7804 (g), the Supreme Court did not determine those branches of the motions and they remain pending and undecided (*see Katz v Katz*, 68 AD2d 536 [1979]). Thus, those issues are not properly before us.

The parties' remaining contentions are without merit. Crane, J.P., Santucci, Luciano and Skelos, JJ., concur.