■ In the Matter of SANITATION GARAGE, BROOKLYN DISTRICTS 3 AND 3A. CITY OF NEW YORK, Respondent; 60 NOSTRAND AVENUE, LLC, et al., Appellants. (Matter No. 1.) MARCY HOUSING TENANTS ASSOCIATION et al., Appellants, v CITY OF NEW YORK et al., Respondents. (Matter No. 2.) [822 NYS2d 97]—

In a condemnation proceeding pursuant to EDPL article 4, inter alia, to acquire certain property for use as a sanitation garage (matter No. 1), and a hybrid action, among other things, to enjoin the New York City Department of Sanitation from constructing and operating the proposed sanitation garage and

a proceeding pursuant to CPLR article 78 to review a determination of the New York City Department of Sanitation dated July 20, 2001, which issued a negative declaration under the State Environmental Quality Review Act (ECL art 8) and the New York City Environmental Quality Review Act (62 RCNY) § 5-01 *et seq.* regarding the construction and operation of the proposed sanitation garage, and a resolution of the New York City Planning Commission, dated December 5, 2001, which approved the project (matter No. 2), (1) 60 Nostrand, LLC, and Monroe Bus Corp. appeal from an order of the Supreme Court, Kings County (Gerges, J.), dated December 1, 2004, which, upon a decision of the same court dated November 10, 2004, inter alia, granted the petition to acquire the subject property in matter No. 1, (2) Congregation Adas Yereim separately appeals from (a) the decision dated November 10, 2004 and (b) the order dated December 1, 2004, which, among other things, granted the petition to acquire the subject property in matter No. 1, and (3) Marcy Housing Tenants Association, Yeshiva Bnei Shimon Yisroel, Hygrade Glove & Safety Company, AM & G Waterproofing, LLC, Tuv-Tam Corp., Golden Flow Dairy, Flushing Management, LLC, and Aaron Rottenberg appeal from (a) the decision dated November 10, 2004, and (b), as limited by their brief, from so much of an order of the same court dated January 5, 2005, as granted the cross motion of the City of New York, the New York City Department of Sanitation, and the New York City Department of City Planning in matter No. 2 pursuant to CPLR 3211 (a) (5), (7), and 7804 (f) to dismiss the amended complaint and the petition.

Ordered that the appeals from the decision are dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.,* 100 AD2d 509 [1984]); and it is further,

Ordered that the order dated December 1, 2004 is affirmed; and it is further,

Ordered that the order dated January 5, 2005 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the City of New York, the New York City Department of Sanitation, and the New York City Department of City Planning payable by the appellants appearing separately and filing separate briefs.

In 2000 the New York City Department of Sanitation (hereinafter the DOS) determined that it was necessary to construct and operate a sanitation garage in "Community District 3," in Brooklyn, in order to meet the sanitation needs of that district. The land on which the proposed site was located was owned by 60 Nostrand, LLC (hereinafter Nostrand), and leased to Monroe

Bus Corp. (hereinafter Monroe), which operated a business at the location. Nostrand and Monroe (hereinafter collectively referred to as the condemnees), as well as certain neighboring non-condemnee businesses, entities, and individuals (hereinafter collectively referred to as the neighbors), were opposed to the project.

In a "land use review application" filed with the New York City Department of City Planning (hereinafter the DCP) on June 20, 2000 the DOS, pursuant to the City's Uniform Land Use Review Procedure (see New York City Charter § 197-c [hereinafter ULURP]), sought permission to proceed with the project. Subsequently, a determination was made that the project was subject to environmental review pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]), as well as the New York City Environmental Quality Review Act (see 62 RCNY 5-01 [hereinafter CEQR]).

On July 20, 2001 the DOS completed an "Environmental Assessment Statement" (hereinafter the EAS). In the EAS, the DOS, which relied on, inter alia, a report from an environmental consulting firm that conducted traffic, air quality, and noise studies, concluded that when the garage was constructed and operated, it would not cause any significant adverse impacts on the environment. The DOS then issued a "negative declaration" based on the EAS.

Soon thereafter, the DCP referred the land use review application to Brooklyn Community Board No. 3 (hereinafter the Community Board) and the Brooklyn Borough President (hereinafter the Borough President), to make recommendations on the application. The Community Board, which held a public hearing regarding the application, recommended that it be approved. Similarly, the Borough President recommended that the application be approved subject to certain modifications.

On November 21, 2001 the City Planning Commission (hereinafter the CPC) held a public hearing on the land use review application. At this hearing, numerous people, including representatives of the condemnees and the neighbors, voiced their opposition to the project. In a resolution adopted on December 5, 2001 the CPC approved the land use review application. By letter dated December 6, 2001, from the CPC to the New York City Council (hereinafter the Council), the resolution was filed with the Council. Pursuant to New York City Charter § 197-d (b) (3), the Council chose not to review the CPC's determination within the so-called 20-day "call-up" period. Thus, the determination became effective upon the expiration of that period (see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 545 [2006]).

On or about October 10, 2003 the City commenced a condemnation proceeding pursuant to EDPL article 4, inter alia, to acquire title to Nostrand's land. In an amended verified answer, Nostrand raised various affirmative defenses to the proceeding.

A few months after the condemnation proceeding was commenced, the neighbors commenced a hybrid action and proceeding against the City, the DOS, and the DCP (hereinafter collectively referred to as the City defendants). Essentially attacking the environmental review and the land use review, the neighbors asserted causes of action for a permanent injunction to enjoin the DOS from constructing and operating the garage, for declaratory relief, and for relief pursuant to CPLR article 78. In addition, the neighbors asserted a cause of action sounding in public nuisance. Finally, alleging that the EAS, the negative declaration, and the resolution approving the land use review application were "fraudulent," the neighbors asserted a cause of action pursuant to General Municipal Law § 51.

By order dated December 1, 2004, the Supreme Court granted the petition in matter No. 1. By order dated January 5, 2005, the Supreme Court, inter alia, granted the cross motion of the City defendants in matter No. 2 pursuant to CPLR 3211 (a) (5), (7), and 7804 (f) to dismiss the amended complaint and petition. The instant appeals ensued. By decision and order on motion of this Court dated June 24, 2005, the appeals were consolidated.

As to the appeal in matter No. 1 (the condemnation proceeding), we conclude that the Supreme Court correctly granted the petition, having properly determined that the City had met all of the procedural requirements under the EDPL (see EDPL 402 [B] [5]; Matter of City of New York [Grand Lafayette Props. LLC], supra at 549). Moreover, the City demonstrated that the affirmative defenses raised by Nostrand in its amended answer were either without merit, untimely, or improperly raised therein.

The Supreme Court, Kings County (Gerges, J.), upon consolidating matter Nos. 1 and 2 for purposes of deciding the instant petition and motion, rendered a decision on November 10, 2004. The Supreme Court properly concluded, after a comprehensive and extensive review and analysis of the submissions in the consolidated matters, that the City satisfied its statutory burden by demonstrating that pursuant to EDPL 206 (A), it was exempt from the public hearing and determination requirements of EDPL article 2 as it had considered and submitted to the CPC the factors set forth in EDPL 204 (B) (see EDPL 206 [A]; Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge, 213 AD2d 409, 411 [1995]). Thus, Nostrand's affirmative defense that the

City failed to comply with certain notice and hearing provisions contained in EDPL article 2 is without merit.

However, while Nostrand properly raised its challenge to the exemption determination as an affirmative defense in the vesting proceeding commenced by the City under EDPL article 4 (*see Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge, supra* at 410), the condemnees' challenges to the environmental review under SEQRA and CEQR and to the CPC's approval of the project under ULURP, should have been raised in a CPLR article 78 proceeding (*see P & N Tiffany Props., Inc. v Village of Tuckahoe,* 33 AD3d 61 [2d Dept 2006]; *Matter of Save the Pine Bush v City of Albany,* 70 NY2d 193, 203 [1987]; *Matter of Throggs Neck Resident Council v Cahill,* 290 AD2d 324 [2002]) rather than interposed in Nostrand's answer in the vesting proceeding (*see Matter of City of New York [Grand Lafayette Props. LLC], supra* at 548-549). As such, those challenges were subject to a four-month limitations period (*see* CPLR 217 [1]; *Matter of Village of Westbury v Department of Transp. of State of N.Y.,* 75 NY2d 62, 72 [1989]; *Matter of Throggs Neck Resident Council v Cahill, supra*).

The condemnees' challenge to the environmental review should have been commenced within four months of "the final determination of environmental issues" (*Matter of Throggs Neck Resident Council v Cahill, supra* at 324; *see Stop-The-Barge v Cahill,* 1 NY3d 218, 222-223 [2003]; *Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846, 848-849 [1996]; *Matter of Village of Westbury v Department of Transp. of State of N.Y., supra; Matter of Save the Pine Bush v City of Albany, supra* at 203; *Matter of Jones v Amicone,* 27 AD3d 465 [2006]; *Matter of Cohen v State of New York,* 2 AD3d 522, 524-525 [2003]; *Clempner v Town of Southold,* 154 AD2d 421, 422-423 [1989]). Here "[i]t was CPC's approval of the project that represented the final determination of environmental issues" (*Matter of Throggs Neck Resident Council v Cahill, supra* at 324). The CPC's determination became final and binding on the condemnees upon the expiration of the Council's 20-day "call-up" period under New York City Charter § 197-d (b) (3), or on December 26, 2001 (*see Matter of City of New York [Grand Lafayette Props. LLC], supra* at 545). Accordingly, any challenges to the negative declaration under SEQRA and CEQR and to the CPC resolution should have been made by April 26, 2002, that is, within four months after the expiration of the 20-day "call-up" period (*see Matter of City of New York [Grand Lafayette Props. LLC], supra* at 548). Thus, the Supreme Court properly dismissed, as time-barred, the affirmative defenses to

the petition which were predicated upon challenges to the environmental review under SEQRA and CEQR and to the CPC's approval of the project under ULURP.

Similarly, the Supreme Court properly granted that branch of the City defendants' cross motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint and petition in matter No. 2. The causes of action asserted therein for injunctive and declaratory relief, and pursuant to CPLR article 78, were all predicated on challenges to the environmental and land use review. Thus, those causes of action were also governed by a four-month limitations period (*see* CPLR 217 [1]; *Stop-The-Barge v Cahill, supra; Matter of Young v Board of Trustees of Vil. of Blasdell, supra; Matter of Village of Westbury v Department of Transp. of State of N.Y., supra; Matter of Save the Pine Bush v City of Albany, supra; Matter of Jones v Amicone, supra; Matter of Cohen v State of New York, supra; Matter of Throggs Neck Resident Council v Cahill, supra; Clempner v Town of Southold, supra*).

The Supreme Court also properly granted that branch of the City defendants' cross motion which was pursuant to CPLR 3211 (a) (7) to dismiss the cause of action sounding in public nuisance because the neighbors failed to allege that as a result of the garage's operation, they would suffer a type of harm that was different from the type of harm that other members of the community would suffer (*see Pearlman v Simons*, 276 AD2d 762, 763 [2000]; *Queens County Bus. Alliance v New York Racing Assn.*, 98 AD2d 743, 744 [1983]).

Lastly, the cause of action asserted under General Municipal Law § 51 was properly dismissed for failure to state a cause of action pursuant to CPLR 3211 (a) (7) as the neighbors failed to allege that some government official acted corruptly or fraudulently, or engaged in illegal activities (*see Mesivta of Forest Hills Inst. v City of New York*, 58 NY2d 1014, 1016 [1983]; *Matter of Town of Coeymans v City of Albany*, 284 AD2d 830, 836 [2001]; *Herzog v Town of Thompson*, 216 AD2d 801, 804 [1995]).

The remaining contentions of the condemnees and the neighbors are without merit. Crane, J.P., Mastro, Skelos and Lifson, JJ., concur.