■ In the Matter of HERBERT LAGIN, Respondent, v VILLAGE OF KINGS POINT COMMITTEE OF ARCHITECTURAL REVIEW, Appellant. [879 NYS2d 491]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Village of Kings Point Committee of Architectural Review dated December 13, 2006, which approved the building design of nonparties Dario Zar and Esther Zar, the Village of Kings Point Committee of Architectural Review appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), entered September 21, 2007, as granted the petitioner's cross motion to withdraw the petition as premature, without prejudice, on the ground that the determination was not final.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, with costs, and the petitioner's cross motion to withdraw the petition as premature, without prejudice, is denied.

The petitioner commenced this proceeding pursuant to CPLR article 78 to challenge a determination of the Village of Kings Point Committee of Architectural Review (hereinafter the ARC), which approved a building design for a single-family dwelling to be constructed on property adjacent to property owned by the petitioner. The ARC moved to dismiss the proceeding for failure to join the property owners as necessary parties, and the petitioner cross-moved to withdraw the petition as premature,

without prejudice, on the ground that the ARC determination was not final. The Supreme Court granted the ARC's motion and the petitioner's cross motion. The ARC appeals from so much of the order and judgment as granted the petitioner's cross motion.

Contrary to the Supreme Court's holding, the ARC's approval of the building design was a final determination. "An agency action is final when the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*Matter of Jones v Amicone*, 27 AD3d 465, 468 [2006] [internal quotation marks omitted]) which could not have been "prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party" (*id.* at 468 [2006] [internal quotation marks omitted]; *see Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]; *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998]; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986]). Pursuant to applicable provisions of the Kings Point Village Code in effect at the time of the ARC determination under consideration here, the ARC had exclusive authority to issue architectural approval of the plans for a proposed building, and no avenue of appeal was provided for aggrieved persons other than the applicant to review a determination of the ARC (*see* Kings Point Village Code §§ 161-56, 161-57, 161-59 [A]; § 161-61). Since the petitioner was precluded from other avenues of review, and because any subsequent determinations by other Village agencies with respect to the building project would not have affected the ARC's approval of the building design, the ARC determination was final for the purposes of CPLR article 78 review and established the point from which the applicable four-month statute of limitations began to run (*see* CPLR 217 [a]; *Matter of Sagaponack Homeowners Assn. v Chief Bldg. Inspector of Town of Southampton*, 279 AD2d 579, 581 [2001]; *see also Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 613 [1991]; *Matter of Jones v Amicone*, 27 AD3d at 467-469). Accordingly, the petitioner's cross motion should have been denied. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.