■ In the Matter of ESTHER McHENRY, Appellant, v ANNE BITTNER et al., Respondents. [892 NYS2d 873]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Putnam County Department of Health dated November 28, 2007, which denied the application for a public bathing beach permit submitted by the Town of Putnam Valley on behalf of the Brookdale Gardens beach, the petitioner appeals, as limited by her brief, from so much of an order of the Supreme Court, Putnam County (O'Rourke, J.), dated March 31, 2009, as, upon reargument, vacated a judgment entered December 17, 2008, granting that branch of the petition which was to annul the determination, and, upon vacatur, denied the

petition, and directed the dismissal of the proceeding as untimely.

Ordered that the order is affirmed insofar as appealed from, with costs, and the matter is remitted to the Supreme Court, Putnam County, for the entry of an appropriate amended judgment.

"An agency action is final when the decisionmaker has arrived at a definitive position on the issue that inflicts an actual, concrete injury" (*Matter of Jones v Amicone*, 27 AD3d 465, 468 [2006], quoting *Matter of Essex County v Zagata*, 91 NY2d 447, 453 [1998] [internal quotation marks omitted]; *see Stop-The-Barge v Cahill*, 1 NY3d 218, 223 [2003]; *Church of St. Paul & St. Andrew v Barwick*, 67 NY2d 510, 519 [1986], *cert denied* 479 US 985 [1986]). "The agency's determination is not definitive and the injury is not an actual, concrete injury if the injury purportedly inflicted by the agency could be prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party" (*Matter of Jones v Amicone*, 27 AD3d at 468; *see also Matter of Lagin v Village of Kings Point Comm. of Architectural Review*, 62 AD3d 709 [2009]).

Here, the permit application submitted by the Town of Putnam Valley for a public bathing beach permit was denied on November 27, 2008, by the Putnam County Department of Health (hereinafter the DOH). The subsequent application by the Town seeking a waiver of the provisions of the New York State Sanitary Code (10 NYCRR 2.1 *et seq.*) and the eventual denial of that waiver application was a separate determination by the DOH. Therefore, the determination of the DOH dated July 21, 2008, denying the waiver application did not serve as a toll of the applicable four-month statute of limitations periods by which the petitioner had to file CPLR article 78 petition challenging the determination of the DOH dated November 28, 2007, denying the permit application (*see* CPLR 217 [1]; *Matter of Goddard [State Bd. of Law Examiners]*, 160 AD2d 197 [1990]). Consequently, the Supreme Court properly determined that the CPLR article 78 petition in the instant proceeding was untimely since it was filed more than four months after the DOH rendered its determination dated November 27, 2008. Rivera, J.P., Leventhal, Belen and Austin, JJ., concur.