[847 NE2d 1166, 814 NYS2d 592]

In the Matter of City of New York, Respondent, Relative to Acquiring Title to Certain Real Property for the Construction of the Third Water Tunnel, Shaft 30B. Grand Lafayette Properties LLC, Appellant.

Argued February 7, 2006; decided April 4, 2006

## POINTS OF COUNSEL

*Gibson, Dunn & Crutcher LLP,* New York City (*Jack M. Weiss, Randy M. Mastro, Cynthia S. Arato* and *Megan A. Burns* of counsel), and *Blank Rome LLP* (*James G. Greilsheimer* of counsel) for appellant. I. The Appellate Division failed to recognize Grand Lafayette Properties LLC's right to a pretaking evidentiary hearing on the excessiveness of the City of New York's taking and erred in approving a taking that is prima facie excessive. (*Hallock v State of New York,* 32 NY2d 599; *Onondaga Water Serv. Corp. v Crown Mills,* 132 Misc 848; *Sixth Ave. R.R. Co. v Kerr,* 72 NY 330; *County of Onondaga v Sargent,* 92 AD2d 743; *Jafco Realty Corp. v State of New York,* 18 AD2d 74; *Embury v Conner,* 3 NY 511; *Washington Cemetery v Prospect Park & Coney Is. R.R. Co.,* 68 NY 591; *Matter of City of New York,* 74 App Div 197, 174 NY 26; *Matter of City of Syracuse,* 230 App Div 522; *Matter of Mayo v Windels,* 255 App Div 22, 281 NY 837.) II. The taking of the subject property deprived Grand Lafayette Properties LLC of substantive due process of law. (*De-Bari v Town of Middleton,* 9 F Supp 2d 156; *Arlington Heights v Metropolitan Housing Development Corp.,* 429 US 252; *Town of Islip v Caviglia,* 141 AD2d 148; *Sharrock v Dell Buick-Cadillac,* 45 NY2d 152; *People v Singer,* 44 NY2d 241; *Natale v Town of Ridgefield,* 170 F3d 258; *County of Sacramento v Lewis,* 523 US 833; *Harlen Assoc. v Incorporated Vil. of Mineola,* 273 F3d 494; *Lubelle v City of Rochester,* 145 AD2d 954; *Deepwells Estates Inc. v Incorporated Vil. of Head of Harbor,* 973 F Supp 338.) III. This Court has the power to review questions of fact that are not supported by evidence on the record or that are based on defective legal standards or procedures. (*Stiles v Batavia Atomic Horseshoes,* 81 NY2d 950; *Schubtex, Inc. v Allen*

*Snyder, Inc.,* 49 NY2d 1; *Allende v New York City Health & Hosps. Corp.,* 90 NY2d 333; *H & J Blits v Blits,* 65 NY2d 1014; *Matter of Rochester Urban Renewal Agency [Patchen Post],* 45 NY2d 1.) IV. The Appellate Division erred in ruling that certain of Grand Lafayette Properties LLC's counterclaims and defenses were time-barred. (*Hallock v State of New York,* 32 NY2d 599; *Headley v Noto,* 22 NY2d 1; *Town Bd. of Town of Fallsburgh v National Sur. Corp.,* 53 Misc 2d 23.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Paul T. Rephen* and *Joseph Bavuso* of counsel), for respondent. I. Appellant is time-barred from challenging the City of New York's acquisition of the property by condemnation. (*Matter of East Thirteenth St. Community Assn. v New York State Urban Dev. Corp.,* 84 NY2d 287; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400; *Matter of Binghamton Urban Renewal Agency v Manculich,* 67 NY2d 434; *City of Buffalo Urban Renewal Agency v Moreton,* 100 AD2d 20; *Town of Coxsackie v Dernier,* 105 AD2d 966; *Matter of City of New York,* 5 Misc 3d 1014[A]; *Matter of Douglaston & Little Neck Coalition v Sexton,* 145 AD2d 480; *Matter of Metropolitan Museum Historic Dist. Coalition v De Montebello,* 3 Misc 3d 1109[A], 20 AD3d 28; *Matter of Young v Board of Trustees of Vil. of Blasdell,* 89 NY2d 846.) II. Even assuming arguendo that appellant's challenge to the City of New York's acquisition is timely, the City has done all that the EDPL requires and is therefore entitled to the order of condemnation granted in this proceeding. (*Berman v Parker,* 348 US 26; *Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400; *Hallock v State of New York,* 32 NY2d 599; *Kaskel v Impellitteri,* 306 NY 73, 347 US 934; *Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook,* 17 AD3d 675; *Matter of Bergen Swamp Preserv. Socy. v Village of Bergen,* 294 AD2d 827; *Matter of Fisher [New York State Urban Dev. Corp.],* 287 AD2d 262; *Greenwich Assoc. v Metropolitan Transp. Auth.,* 152 AD2d 216, 75 NY2d 865; *Matter of Vaccaro v Jorling,* 151 AD2d 34.)

*Kramer Levin Naftalis & Frankel LLP,* New York City (*Jeffrey L. Braun* and *Kerri B. Folb* of counsel), for Real Estate Board of New York, Inc., amicus curiae. I. The owner here was deprived of an adequate opportunity to challenge the scope of the taking as excessive. (*Hallock v State of New York,* 32 NY2d 599; *Matter of Feeney v Town/Village of Harrison,* 4 AD3d 428; *Matter of Rafferty v Town of Colonie,* 300 AD2d 719; *Matter of City of Syr-*

*acuse,* 230 App Div 522; *Harlen Assoc. v Incorporated Vil. of Mineola,* 273 F3d 494; *Deepwells Estates Inc. v Incorporated Vil. of Head of Harbor,* 973 F Supp 338; *DeBari v Town of Middleton,* 9 F Supp 2d 156.) II. A permanent easement is an enforceable and adequate means for the government to take property. (*Hallock v State of New York,* 32 NY2d 599; *Dowd v Ahr,* 78 NY2d 469; *Missionary Socy. of Salesian Congregation v Evrotas,* 256 NY 86; *Palostrada v Modugno,* 168 AD2d 673; *Castelli v Department of Transp. of State of N.Y.,* 163 AD2d 450; *Smith v Orange & Rockland Util.,* 96 AD2d 901.)

## OPINION OF THE COURT

GRAFFEO, J.

The City of New York brought this eminent domain vesting proceeding to acquire a parcel of real property for use in a public improvement project involving the City's water system. Because the landowner failed to timely challenge the taking in a CPLR article 78 proceeding, we conclude that its excessive taking claim is time-barred. We therefore affirm the grant of the petition permitting the City to take title.

Under the Eminent Domain Procedure Law (EDPL), a two-step process is required before a condemnor obtains title to property for public use. First, under EDPL article 2, the condemnor must make a determination to condemn the property either by using the hearing and findings procedures of EDPL 203 and 204 or by following an alternative procedure permitted by EDPL 206. Second, pursuant to EDPL article 4, the condemnor must seek the transfer of title to the property by commencing a judicial proceeding known as a vesting proceeding.

In September 2003, the City of New York's Department of Environmental Protection (DEP) and Department of Citywide Administrative Services (DCAS) (collectively the City) began the first step in the condemnation process by filing an application with the Department of City Planning to condemn real property located at 142 Grand Street. At that time, the parcel was owned by Gerald Cohen. Respondent Grand Lafayette Properties LLC (GLP) operated a 95-vehicle parking lot on the 12,500-square-foot lot. The City sought to acquire the property in order to drill a 512-foot-deep shaft that, upon completion, will carry water

from the Third Water Tunnel to the City's water mains.[1] The City proposed the construction of a large distribution chamber, three feet beneath the parcel's ground surface, for the purpose of regulating water pressure. The application indicated that construction would take approximately 44 months and that the property would be substantially returned to its original condition upon completion, although an air vent and two hatchways allowing access to the chamber for maintenance and inspection purposes would be visible at ground level.

Employing an alternate condemnation procedure authorized under EDPL 206 (C)—the City's Uniform Land Use Review Procedure (ULURP) (*see* NY City Charter §§ 197-c, 197-d)—the Department of City Planning certified the City's application as complete and ready to proceed. Community Board 2 adopted a resolution recommending approval of the City's application for acquisition, with the condition that the site be used ultimately for open space or a public park after project completion (*see* NY City Charter § 197-c [e]). The Manhattan Borough President approved the City's application with the same condition (*see* NY City Charter § 197-c [g]). Acting as lead agency, DEP issued a negative declaration under the State Environmental Quality Review Act (SEQRA) and City Environmental Quality Review (CEQR) procedures.

In March 2004, the City Planning Commission (CPC) held a public hearing to review the City's condemnation application (*see* NY City Charter § 197-c [h]). Cohen, the owner at the time, appeared at the hearing and voiced his opposition to the use of his parcel as a shaft site. GLP, the current owner of the realty (GLP later entered into a contract to purchase the property from Cohen in April 2004 and acquired title in June 2004), does not deny that it also received notice of the hearing.

On April 14, 2004, the CPC issued a resolution approving the City's request to acquire the property in its entirety, concluding that condemnation for construction of the shaft and related facilities was appropriate. The CPC's determination discussed the

1. The Third Water Tunnel is a massive public construction project, commenced in the 1970's, to build another water tunnel approximately 500 feet beneath the City. When completed (around 2020), it will enable the City to shut down temporarily the two existing water tunnels for inspection and repair. Shaft 30B—the shaft designed for the property at issue—is part of the "Manhattan Leg" of the Third Water Tunnel. The Manhattan Leg is projected to run about nine miles and to deliver water through 10 shafts by gravity-fed pressure.

public importance of the project and the planned use of the shaft, along with examining the City's compliance with SEQRA, CEQR and ULURP. The CPC also noted that, upon completion of the project, ownership of the site would revert to DCAS, while DEP would "retain a permanent easement of approximately 4,000 square feet for the area above the subsurface distribution chamber." The CPC's decision could have been reviewed by the City Council if the Council had chosen to do so within a 20-day "call-up" period (see NY City Charter § 197-d [b] [3]). In August 2004, the Office of the Mayor approved the acquisition. GLP did not commence an article 78 proceeding challenging the CPC's resolution.

With all governmental approvals secured, in November 2004 the City commenced step two of the procedure, the vesting proceeding under EDPL 402, to formally acquire title to GLP's property. Supreme Court ordered that GLP—who by this time had acquired ownership of the parcel—show cause why the City should not be granted permission to file an acquisition map and take title to the property in fee simple absolute. In response, GLP conceded that the City's plan to construct the shaft served a public use, but asserted as an affirmative defense in its answer that the City's taking of the entire premises in fee simple was excessive and therefore arbitrary and capricious. Relying on *Hallock v State of New York* (32 NY2d 599 [1973]), GLP claimed that the City could have achieved its objectives by less intrusive means, such as an easement or by acquisition of only a portion of the parcel. GLP later interposed similar allegations in a counterclaim in its amended answer.[2]

GLP also requested that Supreme Court conduct an evidentiary hearing regarding its excessive taking claim. The City replied that GLP's defenses and counterclaims were untimely and without merit. The court granted the City's petition and rejected GLP's excessiveness argument, determining that the City had adequately demonstrated its need for the entire premises. The court also dismissed GLP's remaining counterclaims as time-barred. The Appellate Division affirmed and GLP appeals to this Court as of right (see CPLR 5601 [b] [1]). We now affirm.

The City argues that the courts below should not have addressed the excessive taking issue because GLP failed to timely

---

2. The amended answer also contained a number of other counterclaims relating to the City's condemnation of the property. We agree with the courts below that these counterclaims are time-barred.

raise it. The City contends that GLP should have sought review of its claim in an article 78 proceeding commenced within four months after the CPC's April 2004 determination approving the condemnation became final. GLP counters that it validly raised the issue in its answer in this EDPL article 4 vesting proceeding. Before we resolve the appropriate procedure for judicial review of GLP's excessive taking claim, a brief review of the operation of New York's eminent domain law is helpful.

The Legislature enacted the EDPL "to supplant a mosaic of more than 150 scattered provisions with a uniform procedure" (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]). The main purpose of article 2 of the EDPL is to ensure that an appropriate public purpose underlies any condemnation (*see id.* at 417-418). To achieve this determination, a condemnor is required to hold a public hearing before it may approve the acquisition (*see* EDPL 201, 202, 203). The condemnor's written determination must prescribe at least

> "(1) the public use, benefit or purpose to be served by the proposed public project;

> "(2) the approximate location for the proposed public project and the reasons for the selection of that location; [and]

> "(3) the general effect of the proposed project on the environment and residents of the locality" (EDPL 204 [B]).

EDPL article 2 sets forth a judicial review procedure, which allows a condemnee only 30 days within which to commence a proceeding directly in the Appellate Division for review of the condemnor's section 204 determination (*see* EDPL 207). The scope of review is very limited—the Appellate Division must "either confirm or reject the condemnor's determination and findings," and its review is confined to whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with SEQRA and EDPL article 2; and (4) the acquisition will serve a public use (EDPL 207 [C]).

Significantly, the Legislature provided that, under certain circumstances, a condemnor need not comply with the notice, hearing and determination requirements of EDPL article 2. A number of alternative procedures that a condemnor may undertake are outlined in EDPL 206, any one of which exempts

the condemnor from compliance with article 2. As relevant here, EDPL 206 (C) permits an exemption where

> "pursuant to other law or regulation [the condem- nor] undergoes or conducts or offers to conduct prior to an acquisition one or more public hearings upon notice to the public and owners of property to be acquired, and provided further that factors similar to those enumerated in [EDPL 204 (B)] herein may be considered at such public hearings."

In this case, the City opted to proceed under EDPL 206 (C) by using its own land acquisition statute—the ULURP—which also requires public hearings to ensure valid public use.

Against this statutory backdrop, we examine the timeliness issue. Although EDPL 207 provides a 30-day statute of limita- tions, during which time period a condemnee must seek Appel- late Division review of a section 204 determination, the EDPL is silent regarding the time period applicable to judicial review where a condemnor proceeds under a section 206 exemption. Generally, unless a statute specifies otherwise, a person ag- grieved by an administrative agency's determination must chal- lenge that decision by initiating a timely article 78 proceeding in Supreme Court (*see* CPLR 7801). Here, pursuant to ULURP and EDPL 206 (C), the CPC—an administrative agency—issued a written resolution approving the City's condemnation applica- tion in April 2004. It was therefore incumbent on GLP to timely bring an article 78 proceeding to review whether the CPC had approved an excessive taking.

An article 78 proceeding "must be commenced within four months after the determination to be reviewed becomes final and binding upon the petitioner" (CPLR 217 [1]). Here, the parties differ as to when the statute of limitations began to run. The City argues that GLP's claim accrued either when the CPC issued its resolution in April 2004 or upon expiration of the 20- day call-up period within which the City Council could have fur- ther reviewed the matter. GLP contends that the statute of lim- itations did not commence until the Office of the Mayor approved the acquisition in August 2004.

We have articulated a two-part test to resolve the question of when a decision is final for purposes of commencing the four- month statute of limitations. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and second, the injury inflicted may not be

prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005], *rearg denied* 5 NY3d 824 [2005]).

Here, although the CPC issued its determination in April 2004, the decision did not become final at that time since it was subject to potential substantive review by the City Council within a 20-day call-up period (*see* NY City Charter § 197-d [b] [3]). Upon expiration of this call-up period, however, the CPC's determination became final and binding upon GLP because, at that point, GLP suffered a concrete injury not amenable to further administrative review and corrective action (*see Best Payphones*, 5 NY3d at 34; *Matter of Throggs Neck Resident Council v Cahill*, 290 AD2d 324 [1st Dept 2002]). The four-month period within which GLP could assert its excessive taking claim therefore began in May 2004 when the City Council's call-up period expired. As such, GLP's related counterclaim—interposed in its December 2004 answer in this EDPL 402 proceeding—is untimely and we are unable to address the merits of the taking claim.

We reject GLP's position that its claim did not accrue until the Office of the Mayor approved the project in August 2004. Such certificate, denominated in part as an "Approval of Capital Budget Proposal," was not part of the ULURP review process and did not involve any substantive analysis of the CPC's EDPL 204 (B)-type findings. Hence, it was not the determination by which GLP became aggrieved (*see Stop-The-Barge v Cahill*, 1 NY3d 218, 223-224 [2003]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 78 NY2d 608, 613 [1991]; *Throggs Neck Resident Council*, 290 AD2d at 324).

We are also unpersuaded by GLP's argument that the affirmative defenses in its answer and amended answer in this EDPL article 4 vesting proceeding were the proper vehicles to raise its excessive taking claim. According to the EDPL, after a condemnor follows a proper procedure—either by complying with EDPL article 2's notice, hearing and determination requirements, or an EDPL 206 exemption procedure—it has three years to commence a vesting proceeding to acquire title to

the property (*see* EDPL 401, 402).[3] If the court is satisfied that the condemnor has met all of the EDPL's procedural requirements, it must grant the petition, thereby directing the condemnor to file the acquisition map and take title (*see* EDPL 402 [B] [5]).

Although some courts have indicated that a condemnee may test a condemnor's procedural compliance with an exemption under EDPL 206 by way of its answer in the vesting proceeding (*see e.g. Matter of Rockland County Sewer Dist. No. 1 v J. & J. Dodge*, 213 AD2d 409, 410 [2d Dept 1995]), we need not address that question here since the issue is not whether the City followed a suitable exemption procedure. Rather, GLP seeks judicial review of the merits of the CPC's determination, asserting that acquisition of the entire parcel exceeds the City's needs. We conclude that any challenge to the merits underlying the CPC resolution must be raised within the article 78 context. To hold otherwise would permit a condemnee to untimely contest issues that are outside the limited scope of an EDPL article 4 vesting proceeding.[4]

We have examined GLP's remaining contentions and find them without merit.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, READ and R.S. SMITH concur.

Order affirmed, with costs.

3. The condemnor's petition must set forth (a) a statement of compliance with EDPL article 2 or with an exemption pursuant to EDPL 206; (b) a copy of the acquisition map; (c) a description of the property; (d) the public use; and (e) "a request that the court direct entry of an order authorizing the filing of the acquisition map . . . and that upon such filing, title shall vest in the condemnor" (EDPL 402 [B] [3]).

4. Analogously, where a condemnor makes a determination to acquire property pursuant to EDPL 204, the condemnee must seek review directly in the Appellate Division pursuant to EDPL 207. The condemnee may not wait until the condemnor initiates a vesting proceeding to raise its claims (*see Matter of City of New Rochelle v O. Mueller, Inc.*, 191 AD2d 435, 436 [2d Dept 1993]; *Matter of Farmington Access Rd. of Town of Farmington*, 156 AD2d 936 [4th Dept 1989]).