■ JOSEPH L. BALKAN, INC., Appellant, v CITY OF NEW YORK, Respondent. [838 NYS2d 34]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered on or about March 7, 2006, which granted the motion of defendant City of New York to dismiss the complaint, without prejudice to plaintiff repleading the first and second causes of action with more specificity respecting any improper rule change that occurred on or after November 28, 2004, unanimously affirmed, without costs.

The four-month limitations period of CPLR 217 applies to all of plaintiff's causes of action because the gravamen of the complaint is that prior to the adoption of the "January 2005 Penalty Schedule," the Environmental Control Board (ECB) adopted and used penalty tables, in connection with the adjudication of notices of violation (NOVs), in violation of lawful procedure, arbitrarily and capriciously, and in excess of ECB's jurisdiction or permissible discretion (*see New York City Health & Hosps. Corp. v McBarnette*, 84 NY2d 194 [1994]; *Stevens v American Water Servs., Inc.*, 32 AD3d 1188 [2006]).

This limitations period commenced when petitioner " 'suffered a concrete injury not amenable to further administrative review and corrective action' " (*Matter of Eadie v Town Bd. of Town of N. Greenbush*, 7 NY3d 306, 316 [2006], quoting *Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540, 548 [2006]). Plaintiff was aggrieved by the ECB's adoption and use of the penalty tables when it received final ECB determinations on NOVs imposing penalties in accordance with those tables and paid the penalties. Accordingly, the motion court correctly limited plaintiff's claims to improper rule changes that occurred on or after November 28, 2004, four months before the commencement of this action.

Plaintiff is not entitled to an equitable toll of the statutory period because the City did not make an affirmative misrepresentation that induced plaintiff to forgo the commencement of a timely lawsuit (*see Zumpano v Quinn*, 6 NY3d 666 [2006]) and plaintiff did not exercise reasonable diligence (*see Matter of Parkview Assoc. v City of New York*, 71 NY2d 274, 282 [1988], *appeal dismissed, cert denied* 488 US 801 [1988]; *Weber v Suffolk County Div. of Real Estate*, 1 AD3d 590 [2003], *lv denied* 1 NY3d 509 [2004]).

Since plaintiff has not filed an amended complaint within the time period allotted by the motion court, we need not consider the other issues raised. Concur—Friedman, J.P., Marlow, Williams, Buckley and McGuire, JJ.