■ In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE, Appellant; WAYNE BUJOLD et al., Respondents, et al., Respondents. (Proceeding No. 1.) (And Five Other Related Proceedings.) In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE, Appellant; JOHN S. BANTA et al., Respondents, et al., Respondents. (Proceeding No. 7.) In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE, Appellant; EDWARD J. DUCKETT, Respondent, et al., Respondents. (Proceeding No. 8.) In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE, Petitioner; KNABE HOUSE, LLC, et al., Respondents. (Proceeding No. 9.) In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE, Appellant; LAKESIDE HOUSE, INC., Respondent, et al., Respondents. (Proceeding No. 10.) In the Matter of the Acquisition of Real Property by the VILLAGE OF SARANAC LAKE, Appellant; JOSEPH

E. Fiorile, Respondent, et al., Respondents. (Proceeding No. 11.) [939 NYS2d 654]—

Malone Jr., J. Appeal from an order of the Supreme Court (Demarest, J.), entered August 19, 2010 in Franklin County, which, in 11 proceedings pursuant to EDPL article 4, among other things, partially granted certain respondents' cross motions for, among other things, awards of costs and counsel fees.

In August 2005, petitioner commenced these eminent domain proceedings pursuant to EDPL article 4, seeking easements to access a sewer line running under respondents' respective properties along the shore of Lake Flower in the Village of Saranac Lake, Franklin County that had discharged raw sewage into the lake.[1] By order to show cause, petitioner also sought immediate access to respondents' properties, alleging that financial and environmental issues made it necessary to complete the work before the end of 2005. After reviewing respondents' opposition to the application and following an appearance before it, Supreme Court granted petitioner immediate access to respondents' properties and the repairs were completed.

In the meantime, respondents submitted answers and objections to the petitions and, in April 2006, Supreme Court ordered a fact-finding hearing to resolve various issues raised by respondents, including the scope and location of the easements, whether petitioner had been entitled to immediate access to the properties pursuant to EDPL 402 (B) (6) and whether petitioner had complied with the provisions of EDPL article 3. The parties did not conclude the hearing, which took place over the course of five days between December 2006 and July 2007; they instead reached a partial settlement pursuant to which the parties agreed to the location and scope of each of the easements and several respondents agreed to the valuation of their respective easements, while others reserved their rights to seek additional compensation. However, all respondents reserved their rights to seek an award of counsel fees and costs based upon various alleged procedural improprieties by petitioner during the acquisition process, including its alleged failure to comply with EDPL articles 2 and 3 and its allegedly improper application for immediate access to the properties.

In June 2008, petitioner moved by orders to show cause for

---

1. This was petitioner's third attempt in Supreme Court to obtain easements. Its first two attempts were dismissed for procedural deficiencies.

orders of condemnation and acquisition pursuant to the parties' settlement agreement. Respondents Wayne Bujold, Denise Wilson (also known as Denise Bujold), Edward Dukett, Joseph Fiorile, John Banta, Linda Banta and Lakeside House, Inc. opposed the motion and cross-moved for, as is relevant here, costs, counsel fees and sanctions, including the costs associated with defending against petitioner's two prior unsuccessful attempts to obtain the easements.[2] Supreme Court issued orders of condemnation, but determined that petitioner had made misrepresentations to the court in its application for immediate access to the properties and had not complied with the offer and negotiation requirements of EDPL article 3. Therefore, the court granted those parts of the cross motions seeking costs and counsel fees, including those resulting from the prior proceedings, and denied those parts seeking sanctions. Petitioner appeals.

As is relevant here, discretionary allowances, including counsel fees and costs, may be ordered if a court "determines that the condemnor was not legally authorized to acquire the property" (EDPL 702 [B]). Here, Supreme Court determined that, by not complying with EDPL article 3 and by making misrepresentations in its application pursuant to EDPL 402 (B) (6) for immediate access to respondents' properties, petitioner was not legally authorized to acquire the easements and, thus, respondents were entitled to discretionary allowances.

However, contrary to Supreme Court's findings, the record reflects that, with respect to the instant proceedings, petitioner satisfied the requirements of EDPL article 3 by hiring an appraiser and, based upon that appraiser's report, extending written offers of compensation to each respondent in an amount that petitioner believed reflected just compensation for interest it sought to acquire (*see* EDPL 303).[3] Notably, each written offer informed respondents that the appraiser determined that there

---

**2.** In November 2004, petitioner commenced a proceeding against only the Bujolds in Supreme Court, Essex County, and that was dismissed in January 2005. Another proceeding was commenced against the Bujolds, the Bantas, Dukett, Fiorile, Lakeside House and another in Supreme Court, Franklin County, and that was dismissed in June 2005.

**3.** Although Supreme Court also faulted petitioner for not preparing a "final appraisal" report, the record shows that one of petitioner's employees testified at the hearing that a second appraisal had been completed in November 2006. In any event, we note that EDPL 302 does not specify what type of appraisal must be completed by the condemnor prior to making an offer, nor does it require that the condemnees be provided with a copy of such appraisal. A so-called "trial ready" appraisal report is required only in the context of an EDPL article 5 proceeding to determine the amount, if any, of just compensation owed to a condemnee (*see* 22 NYCRR 202.61).

would be "no measurable change in the value of [respondents'] property" as a result of the easement, but that petitioner "recogni[zed] that some minimal value should be imputed to the rights taken." Although Supreme Court faulted petitioner for making the offers two months after the commencement of the instant proceedings, we note that the Eminent Domain Procedure Law does not require that offers be made prior to the commencement of the eminent domain proceeding (see EDPL 303 ["Wherever practicable, the condemnor shall make the offer prior to *acquiring the property*" (emphasis added)]). Finally, contrary to Supreme Court's finding, "[t]here is no requirement that petitioner 'plead or prove, as a prerequisite to the acquisition of the [easements] by eminent domain, that it negotiated in good faith with the [property] owner[s]' " (*Matter of National Fuel Gas Supply Corp. v Town of Concord*, 299 AD2d 898, 899 [2002], quoting *Oswego Hydro Partners L.P. v Phoenix Hydro Corp.*, 163 AD2d 829 [1990]).[4] If respondents believe the offer of compensation to be inadequate, their remedy is to seek additional compensation in a proceeding pursuant to EDPL article 5. Based on the foregoing, we find that the record does not support the court's determination that, with respect to the instant proceedings, petitioner failed to satisfy its EDPL article 3 obligations prior to acquiring the easements.

Nor does the record support Supreme Court's finding that petitioner was not entitled to immediate access to respondents' property. Although respondents neither appealed from the order granting petitioner immediate access nor made a motion to reargue or renew, Supreme Court nevertheless apparently reconsidered that order in deciding the issue of whether the moving respondents were entitled to compensation pursuant to EDPL 702 (B). Pursuant to EDPL 402 (B) (6), when a court is satisfied "that the public interests will be prejudiced by delay, it may direct that the condemnor be permitted to enter immediately upon the real property to be taken, and devote it temporarily to the public use specified in the petition."

In support of its application for immediate access, petitioner submitted evidence that, among other things, it was in danger of losing its no-interest financing for the repairs if it did not close on that financing before October 6, 2006. Petitioner's proof in that regard, which is not controverted by respondents,

---

4. To the extent that our decision in *Matter of County of Tompkins (Perkins)* (237 AD2d 667, 669 [1997]) stands for the proposition that the statute requires that an appraisal be obtained and an offer of compensation made before the commencement of a proceeding under EDPL article 4, we decline to follow it. Based upon a plain reading of the statute, we discern no such requirement.

established that the work needed to be completed before the end of the year 2005 in order for petitioner to complete the additional steps needed to close on the financing before October 2006. If petitioner lost the no-interest financing, it would be forced to secure conventional financing at the market rate of interest, which would result in a large additional expense for its taxpayers. Petitioner provided additional proof that raw sewage from the sewer line servicing respondents' properties had leaked into the lake and that the Department of Environmental Conservation, the Department of Health and the Environmental Protection Agency had all expressed concerns about additional raw sewage discharge. Such discharge constituted a violation of the Environmental Conservation Law, threatened the health and safety of individuals using the lake and could subject petitioner to fines and/or enforcement proceedings. The fact that those agencies had not actually prepared to take immediate action against petitioner is irrelevant given petitioner's reasonable belief that raw sewage would discharge into the lake if the proceedings were delayed. Under these circumstances, the record amply supports Supreme Court's initial determination that the public interest would be prejudiced by a delay and that petitioner was entitled to immediate access to the properties in order to repair the sewer line. However, it does not support the finding that petitioner made serious misrepresentations in its application for such.[5]

Based upon the foregoing, it cannot be said that, in the instant proceedings, petitioner was not legally authorized to acquire the easements (*see* EDPL 702 [B]). However, we reach a different conclusion with respect to the two prior proceedings that were dismissed by Supreme Court. There, in each decision, the court determined that petitioner was not authorized to acquire the easements it sought because it had failed to satisfy the procedural requirements of the EDPL, and petitioner does not challenge the dismissal of those proceedings. Accordingly, we will not disturb Supreme Court's finding that respondents are entitled to discretionary compensation for their respective costs that they incurred as a result of those dismissed proceedings.

To the extent not specifically addressed, the parties' remain-

---

**5.** Even if Supreme Court's determination that petitioner made serious misrepresentations were affirmed, for purposes of determining whether respondents are entitled to discretionary awards pursuant to EDPL 702 (B), a finding that petitioner was improperly granted immediate access to the property pursuant to EDPL 402 (B) (6) has no effect on the issue of whether petitioner was ultimately "legally authorized to acquire" the easements (EDPL 702 [B]).

ing contentions have been considered and determined to be without merit.

Spain, J.P., Lahtinen, Stein and Egan Jr., JJ., concur. Ordered that the order is modified, on the law and facts, without costs, by reversing so much thereof as granted those parts of the cross motions of respondents Wayne Bujold, Denise Wilson, John Banta, Linda Banta, Edward Dukett, Joseph Fiorile and Lakeside House, Inc. seeking costs and counsel fees that they incurred as a result of the instant proceedings; cross motions denied to said extent; and, as so modified, affirmed. **[Prior Case History: 29 Misc 3d 602.]**