In the Matter of CITY OF PLATTSBURGH, Respondent, v SMITH M. WEED et al., Respondents. SUSAN FORD, Appellant. [945 NYS2d 812]—

Lahtinen, J. Appeal from an order of the Supreme Court (Muller, J.), entered March 1, 2011 in Clinton County, which, in a proceeding pursuant to EDPL article 4, granted petitioner's application to acquire certain real property.

Petitioner sought to acquire through eminent domain a portion of real property located along the banks of the Saranac River for the purpose of constructing a nonvehicular recreational path for activities such as walking, jogging, and bicycling. As relevant to this appeal, the property included an area with no houses between the Saranac River and Pine Street, a street which runs generally parallel to the river in the subject area of the City of Plattsburgh, Clinton County. This area of property between the river and Pine Street was known as the "Weed parcel" because its sections had been acquired by Smith M. Weed in 1859 and 1908. However, title to the Weed parcel thereafter ostensibly passed through various testate and intestate successions and the current heirs of Weed reportedly cannot be located. Susan Ford owns a home on the opposite side of Pine Street from the river. She and her husband claim that they have an ownership interest in part of the Weed parcel across the street from their home by adverse possession.[1] Ford had not, however, previously brought an action to establish ownership by adverse possession.

Obtaining title to property for a public use is a two-step process under the EDPL. First, the condemnor must make a determination to condemn the property pursuant to the procedures of EDPL article 2 and, second, a vesting proceeding must follow under EDPL article 4 (see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 543 [2006]; Hargett v Town of Ticonderoga, 56 AD3d 1016, 1017 [2008], affd 13 NY3d 325 [2009]). Pursuant to EDPL article 2, petitioner held a public hearing in February 2009, which Ford attended and at which she spoke. In May 2009, petitioner, among other things, published in the local newspaper its determination and findings, including the public use, and adopted the project (see EDPL 204). No aggrieved party sought judicial review of petitioner's

---

1. Ford asserts in her brief that she is also "in the direct chain of title from the Weed family," but provides no record support for this assertion.

EDPL article 2 determination within 30 days as provided by EDPL 207. Thereafter, in October 2010, petitioner commenced this EDPL article 4 vesting proceeding, the second step of the taking process. Ford submitted an answer asserting ownership by adverse possession and that the project lacked a valid public purpose.[2] In March 2011, Supreme Court granted the petition vesting title to the property in petitioner. Ford appeals from the March 2011 order.

Ford's contention that the project lacked an adequate public purpose is not properly before us in this appeal from an EDPL article 4 vesting proceeding. Petitioner made the public purpose finding within the context of the EDPL article 2 determination and our review of that finding is specifically provided by EDPL 207 (C) (4). "[W]here a condemnor makes a determination to acquire property pursuant to EDPL 204, the condemnee must seek review directly in the Appellate Division pursuant to EDPL 207. The condemnee may not wait until the condemnor initiates a vesting proceeding to raise its claims" (*Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d at 549 n 4 [citations omitted]; *see Matter of Town of Southold [Town Hall Expansion Project]*, 50 AD3d 1045, 1046 [2008]). Here, Ford failed to seek review of the public purpose at the EDPL article 2 stage and cannot now challenge the public purpose in this appeal from the order in the EDPL article 4 vesting proceeding. In any event, we note that petitioner sufficiently established a legitimate public purpose for the recreational path (*see Matter of Rocky Point Realty, LLC v Town of Brookhaven*, 36 AD3d 708, 709 [2007]; *Matter of Vaccaro v Jorling*, 151 AD2d 34, 39 [1989], *appeal dismissed* 75 NY2d 946 [1990], *lvs denied* 76 NY2d 704, 708 [1990], *cert denied* 498 US 963 [1990]).

Ford broadly asserts at various places in her brief that she did not receive proper notice of the proceedings. There is no contention in the record that notice was not properly published, and it is clear that Ford had actual notice of the proceedings (*see Matter of Richards v Tompkins County*, 82 AD3d 1323, 1324-1325 [2011]). The answer she interposed to the vesting proceeding did not assert among its various affirmative defenses a lack of notice. Moreover, Ford had notice of that proceeding since she served an answer, and she had actual notice of the EDPL article 2 proceeding[3] as she admittedly attended and spoke at the public hearing. We note that the fact that she did not receive

---

**2.** Ford also asserted inadequate compensation, which she can pursue under EDPL article 5.

**3.** The issue of whether procedural compliance with EDPL article 2 can, in fact, be challenged in the EDPL article 4 proceeding is an open issue (*see Mat-*

personal notice of the initial proceeding was not error since her claim to ownership was based on an unlitigated assertion of adverse possession of a parcel across the street from her home. Upon claiming to have such an interest, she thereafter received notice.

Petitioner established that it satisfied the procedural requirements of EDPL 402 (B) and, accordingly, the vesting petition was properly granted (*see City of Buffalo Urban Renewal Agency v Moreton*, 100 AD2d 20, 22 [1984]). The remaining arguments have been considered and are without merit.

Peters, P.J., Rose, Malone Jr. and Garry, JJ., concur. Ordered that the order is affirmed, without costs.

 *ter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d at 549), and we do not address the merits of that issue in this appeal.