Lahtinen, J.
Appeal from an order of the Supreme Court (Reynolds Fitzgerald, J.), entered October 24, 2012 in Broome County, which, in a proceeding pursuant to EDPL article 4, granted petitioner’s application to acquire certain easements over the real property of respondent Elisabetta Iaboni.
In July 2011, petitioner filed an application with the Public Service Commission (hereinafter PSC) seeking a certificate of environmental compatibility and public need to permit construction of an underground natural gas pipeline (and associated facilities) a distance of about nine miles in the Town of Sanford, Broome County, running from the border with Pennsylvania to an existing pipeline in Broome County (see Public Service Law § 121-a [3]). The proposed route crossed a portion of the approximately 141 acres owned by respondent Elisabetta Iaboni (hereinafter respondent[1]) and she opposed the application, raising various concerns before the PSC. Eventually, in September 2012, the PSC granted certificates authorizing the project and adopted terms of a joint proposal that had been signed by, among others, petitioner, the Department of Environmental Conservation and the Delaware Highlands Conservancy. Respondent filed a notice for rehearing with the PSC, which was denied, and she did not seek judicial review (see Public Service Law § 128).
After obtaining the certificates from the PSC (see EDPL 206 [B]), petitioner commenced, via order to show cause, this vesting proceeding pursuant to EDPL 402 (B) seeking to establish permanent easements for the underground pipeline and temporary easements necessary for the construction thereof. The order to show cause was issued on September 25, 2012, personally served on respondent on September 28, 2012 with an original return date of October 12, 2012, which Supreme Court extended to October 24, 2012. Petitioner filed an answer dated October 6, 2012 and appeared by counsel before Supreme Court on October 24, 2012. After hearing arguments, Supreme Court ordered that, upon petitioner depositing a bond or undertaking of $138,000 (i.e., the full appraised value of the entire 141-acre property) and filing the acquisition map, title would vest in petitioner.[2] Respondent appeals.
Respondent first argues that Supreme Court lacked jurisdiction because the initial return date for the EDPL article 4 petition set in the order to show cause was less than 20 days after *1184 she was served. While failure to comply with the various notice provisions can result in dismissal of the petition (see Matter of Town of Carmel v Blanks, 269 AD2d 455, 456 [2000], lv denied 95 NY2d 755 [2000]), “[i]t is . . . also true that the CPLR generally applies to EDPL proceedings” (Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 520 [2009]; see EDPL 703) and time limits of the nature implicated here are not necessarily always enforced with unwavering rigidity (see Matter of Brown v Casier, 95 AD2d 574, 577-578 [1983]; see also EDPL 402 [B] [2] [b] [reflecting some flexibility regarding notice provisions]). Here, respondent ultimately had 26 days between the time she was personally served with the petition and the adjourned return date. She raised no issue of prejudice and she filed a timely answer. Under such circumstances, we are unpersuaded that Supreme Court did not have jurisdiction or that the court otherwise erred in considering the petition.
The contention that the extent of the taking was excessive involves an issue that was before the PSC and subject to challenge in that first step of the taking process under EDPL article 2 (see Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 548-549 [2006]; Matter of City of Plattsburgh v Weed, 96 AD3d 1117, 1118 [2012]). Further, review of the easements set forth in the petition — which describe the property by metes and bounds and include an accurate acquisition map— does not reveal, as urged by respondent, that the easements are excessive or lack specificity (see Matter of City of Syracuse Indus. Dev. Agency [J.C. Penney Corp., Inc. — Carousel Ctr. Co., L.P.], 32 AD3d 1332, 1333 [2006], lv denied 7 NY3d 714 [2006], cert denied 550 US 918 [2007]).
Respondent’s assertion that petitioner’s offer of compensation (see EDPL 303) was insufficient and not made in good faith does not require dismissal of this EDPL article 4 proceeding (see Matter of Village of Saranac Lake [Bujold], 93 AD3d 971, 974 [2012], lv dismissed 19 NY3d 1016 [2012]). Respondent can challenge petitioner’s valuation in a proceeding pursuant to EDPL article 5 (see id.) and, if successful in establishing that the actual value is substantially in excess of the value offered by petitioner, respondent may be entitled to additional allowances, including counsel fees (see EDPL 701). The remaining arguments have been considered and are without merit.
Peters, PJ., Rose and Egan Jr., JJ., concur. Ordered that the order is affirmed, with costs.

. Although Liberatore Iaboni was also named as a respondent, he died before the proceeding was commenced and his interest in the subject property had vested in his spouse, respondent.

. Petitioner complied with the order’s conditions and reportedly completed the pipeline project by May 2013.